STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-82

LESTER T. JOLOVITZ,

Appellant/Plaintiff

DONALD L. GARBRECHT
LAW LIBRARY

SEP 8 2003

v.

CITY OF WATERVILLE and
CITY OF WATERVILLE
SCHOOL DEPARTMENT,

Appellees/Defendants

**DECISION ON MOTION
FOR SUMMARY JUDGMENT**

This matter comes before the court on the motion of the appellees/defendants'

motion for summary judgment as to count II of the complaint. This count concerns the

plaintiff's independent claim for relief based on theories of trespass, breach of

restriction and estoppel. Since the plaintiff's claims fail as a matter of law, the motion

will be granted.

### Facts

Plaintiff Jolovitz has owned a home on Oak Knoll Drive in Waterville since 1957.

Located to the south of the Jolovitz's backyard is City property that became Drummond

Field, an athletic facility for Waterville High School. The Jolovitz and City parcels were

originally separated by a 110-foot deep piece of land belonging to a Mr. Letourneau. In

1965, Letourneau sold his parcel to the City of Waterville and in 1967 Waterville city

government authorized construction of a new track as part of Drummond Field.

According to Jolovitz, in November, 1967 or thereabouts, he was visited at his

home by Waterville City Engineer Ralph Knowlton to discuss the enlargement of

Drummond Field. Knowlton acknowledged Jolovitz's concern about noise and

inconvenience from the expansion and told Jolovitz that the City would need to use

approximately 60 feet of the former Letourneau parcel, leaving a 50-foot "buffer zone" between the developed area and the Jolovitz property line. Again according to Jolovitz, Knowlton revisited him a few days later and stated that officials at "City Hall" had confirmed the 50-foot buffer zone. Nothing about this agreement was put in writing, there is no record of any approval by municipal officials and Mr. Knowlton died approximately 15 years ago.

Life apparently passed peacefully at the Jolovitz estate until June of 2001. The City had erected a fence to separate the area of the track from the other 50 feet of its property and the Jolovitz's parcel. Jolovitz planted some evergreen trees on the City property and used a portion for storage. However, on June 6, 2001, the City began cutting trees in the 50-foot wide strip. The purpose of this clearing was to construct pole vault and high jump facilities as part of Drummond Field. Although the City has placed a new fence to deter trespassing, the net effect has been to reduce the "buffer zone" from 50 feet to 20 feet. The decrease in greenery has meant an increase in the level of noise filtering from the playing fields to Jolovitz's backyard, especially during track season.

## Discussion

Mr. Jolovitz has filed a two-count complaint. Count I, which is not before the court on this motion, is a appeal requesting review of the decision of the Zoning Board of Appeals with regard to the expansion of the field. Count II is an independent count seeking to enforce a contractual agreement between Jolovitz and the City of Waterville through its agent Mr. Knowlton. In the alternative, if no contract is found, Jolovitz seeks relief as a matter of promissory estoppel. Even assuming the facts in the light most favorable to the plaintiff, neither argument succeeds as a matter of law.

I.      **Statute of Frauds.**

2

The defendants argue that the plaintiff cannot maintain his contractual enforcement claim as part of count II because any agreement of the nature described by Mr. Jolovitz would violate the Statute of Frauds.[1] Although Jolovitz refers to the strip of land abutting his property as a "buffer zone," in more legal terms he is attempting to enforce a restrictive easement with regard to the 50-foot stretch of unimproved municipal property. Assuming there was an agreement between the parties in 1967 as to how the City was going to use the property at that time, there is nothing in writing – neither agreement nor action by municipal officials – to give evidence of this agreement concerning rights to property and which the plaintiff is treating as if it were a restrictive easement running with the land. This situation is almost a classic example of why the Statute of Frauds is necessary, particularly when one considers that the only other possible corroborating witness died 15 years ago. The alleged agreement concerned rights in land and could not be performed within one year if it is to have the effect the plaintiff seeks. Therefore, the Statute prevents maintenance of this action on the agreement and the motion will be granted.

## II. Promissory Estoppel.

In the event the plaintiff cannot enforce a contract, he seeks relief by application of the doctrine of promissory estoppel, citing *Chapman v. Bowman*, 381 A.2d 1123 (Me. 1978). The plaintiff is correct that in *Chapman* the Law Court adopted the doctrine of

---

[1] As applicable to this case, 33 M.R.S.A. § 51 provides as follows:

No action shall be maintained in any of the following cases:
. . .
(4)     Contract for sale of land. Upon contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them;
(5)     Agreement not to be performed within one year. Upon any agreement that is not to be performed within one year from the making thereof; ...   Unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized. . .

promissory estoppel as set forth in Section 90 of the RESTATEMENT (2ND) OF CONTRACTS. However, *Chapman* has to be distinguished. The agreement being tested in *Chapman* was an agreement by one party to sell land to another party, upon which the first party reneged. The agreement was *not* the sales contract itself, which would bump more squarely into the Statute of Frauds considerations. In the present case, the plaintiff is attempting to enforce in perpetuity an agreement which deprives the City of Waterville of rights in its own property and which cannot stand on its own under the Statute of Frauds. Furthermore, there is an absolute lack of any evidence of any consideration to support the claimed agreement, necessary to establish a contract if there ever was one. There is explanation of why the City would promise to limit its use of its own property with no *quid pro quo* and in possible violation of principles concerning use of public property for private purposes. Nor is the plaintiff's claim of reliance sufficient that a factfinder could find that plaintiff is prejudiced today as the result of any promise by the City in 1967, particularly in light of plaintiff's acknowledgment that the "Knowlton agreement" concerned only the 1967 enlargement of Drummond Field.

For the reasons stated above, the entry will be:

Defendants' motion is GRANTED and summary judgment will be entered as to count II of the complaint.

Dated: August 26, 2003

S. Kirk Studstrup
Justice, Superior Court

4

Date Filed __11/21/01__  ____Kennebec____  Docket No. __AP01-82__
                              County

Action ___Petition for Review___
                    80B

                                                    J. STUDSTRUP


____Lester Jolovitz____                vs.    ____City of Waterville & Waterville School
Plaintiff's Attorney                          Defendant's Attorney              Board

  Michael J. Levey, Esq.                        William Lee, Esq.
  161 Main St., Suite 1A                        112 Silver Street
  P.O. Box 7                                    P.O. Box 559
  Winthrop, Maine 04364                         Waterville, Maine 04903
- Peter B. Bickerman, Esq.
  45 Memorial Circle
  P.O. Box 5307
  Augusta,Maine   04332-5307

| Date of Entry | |
|---|---|
| 11/21/01 | Complaint: Rule 80B Review of Governmental Action; Action for Independent Relief, filed. s/Levey, Esq. Original Summons with return service made upon City of Waterville; Zoning Board of Appeals; School Departament. |
| 11/27/01 | Notice of briefing schedule mailed to attys of record. |
| 12/4/01 | Motion for Specification of Future Course of Proceedings (MRCP 80B(i)), filed. s/Levey, Esq. |
| 12/10/01 | Acceptance of Service, filed. s/Lee, Esq. |
| 12/13/01 | Answer, filed. s/Lee, Esq. |
| 12/20/01 | Plaintiff's Motion for a Trial on the Facts, filed. s/Levy, Esq. Proposed Order, filed. |
| 12/31/01 | Response to Plaintiff's Motion for Trial on the Facts, filed. s/Lee, Esq. |
| 4/24/02 | Letter from attorney Lee requesting that the motion to determine future course of proceedings be dealt with on 5/7/02 along with the other motion. |
| 5/2/02 | Entry of Appearance, filed. s/Bickerman, Esq. Certificate of Service, filed. s/Bickerman, Esq. |
| 5/8/02 | Agreement put on record on 5/7/02 with Justice Studstrup, Presiding; Michael Levey, Esq. for Plaintiff and William Lee, Esq. for Defendants. Electronic Recording Tape 605 Index 4279-4653. Proposed stipulations and agreements to be prepared and filed by Michael Levey, Esq. |
| 8/7/02 | Notification of Discovery Service, filed. s/Lee, III,.Esq. Notice to Take Oral Deposition of Lester Jolovitz served on J. Michael J. Levey, Esq. and Peter B. Bickerman, Esq. on 7/6/02. |
| 10/4/02 | Notification of Discovery Service, filed. s/Lee, III, Esq. (filed 10/3/02) Interrogatories Propounded by Defendants to Plaintiff Request for Production of Documents Propounded by Defendants to Plaintiff served on Michael J. Levey, Esq. on 10/1/02 |

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-82
SKG-- KEN-6/11/2004

LESTER T. JOLOVITZ,

Plaintiff / Appellant

v.

CITY OF WATERVILLE
and WATERVILLE SCHOOL
DEPARTMENT,

Defendants / Appellees

**DECISION ON APPEAL**

DONALD L. G~
LAW ~~

JUN 17 2004

This matter comes before the court on appeal from a decision of the Waterville

Zoning Board of Appeals (Board).[1] The court has reviewed the record of the

proceedings before the Board to determine whether there was any error of law, abuse of

discretion or findings not supported by substantial evidence. Finding none of these

flaws, the decision will be affirmed.

### Background

Extended findings have already been made in the court's decision on motion for

summary judgment dated August 26, 2003, which will be incorporated herein. For

purposes of this appeal, it is sufficient to note that the City of Waterville received a

substantial parcel of undeveloped land from Albert Drummond in 1961 for the purpose,

among other things, of serving as an athletic field for the Waterville Senior High School.

This facility was subsequently constructed. In 1965, the city's parcel was increased in

size by a parcel conveyed by a Mr. Letourneau immediately adjacent to the Jolovitz

property. In 1967, the Waterville Board of Alderman authorized some new

---

[1] This appeal pursuant to M.R. Civ. P. 80B is count I of the complaint. Count II of the complaint, alleging trespass, breach of restriction and estoppel, was the subject of a summary judgment by the court dated August 26, 2003, and is no longer before the court.

developments at the Drummond Field site, including construction of a new track. The parties have stipulated that no Zoning Board approval was requested or given for the 1967 development. Although these developments were discussed with the Code Enforcement Officer (as set forth in the summary judgment decision) no formal objections were raised by Jolovitz or any other abutting landowner.

The next of the series of events incurred in June of 2001 when the city decided to improve its track and field facilities by moving the existing pole vault, long and high jump pits out of the infield area of the track. In order to make room for this move, the city cleared trees and vegetation closer to the Jolovitz property, though still on City property. As a result, the screen of vegetation between the playing fields and the Jolovitz property was decreased from 50 feet to 20 feet. Again, no building permits or other permission was sought or obtained from the Zoning Board prior to beginning construction. As a result, Jolovitz and other neighbors petitioned the Board to review the work being done, including the movement of the jumping pits which is the primary issue before the court.[2] After hearing on October 10, 2001, the Board determined that the pits were part of a permitted activity and no prior approval was necessary for their movement from one part of the field to another. Jolovitz filed this timely appeal.

## Discussion

In its deliberations, the Board properly identified the two separate issues before it. The first concerns whether the change in location of the jumping pits constituted a

---

[2] In addition to the movement of the pole vault and long and high jump pits, the city and school department were also improving the bleachers and building a new utility building for bathrooms and ticket and refreshment sales. These other structures, for which the Zoning Board determined building permits should have obtained, are on a different portion of the Drummond Field property and are not the primary subject of the Jolovitz appeal.

new use of the property or a use which would otherwise require application for a use permit. The second is whether moving the pits required a building permit.

On the first issue, the Board found "that Drummond Field has always been a recreation field, athletic field." (R-54). By "always" the court interprets the Board's finding as meaning that from the time that this property was deeded by Mr. Drummond to the city in 1961, it was intended that the property be used for and was used for athletic facilities for the Waterville High School. The Board also found that at the time this athletic use by the school began, "that it was a principal permitted use in the 1960's under the Zoning Ordinance at that time and has continued to be a permitted use through all the changings in the Zoning Ordinance to date. That it has not changed in use in all that time, therefore it did not require a hearing before the Board as a Special Exception." (R-54). Implicit in this finding is a finding and conclusion by the Board that the athletic fields were an integral part of the school and therefore a permitted principal use in either the residential A or B zones pursuant to the 1963 Waterville Zoning Ordinance. (R-60). This finding is supported in the record by the Drummond deed itself which restricted the use of the property to "an athletic and track field for the new Waterville Senior High School to be constructed near said area" among other things. (R-5). The record also supports the finding that there has been no change in this use by the activities of the city and school department in question. Moving the jumping pits from inside the track area to outside the track, but still within the city's property, is not a change in use and the Board's conclusion that no new use application was necessary is not an error of law.

On the second issue concerns whether, even though a permitted use, the city and school board should have applied for a building permit as part of the process of moving the jumping pits. The appellant has argued in his brief that the failure of the school

department to apply for a building permit for the movement of the jumping pits is an alternative ground for relief. However, this argument seems to ignore the fact that the appellant appeared to limit his "building permit" argument during the hearing to the bleachers and buildings, not the track and jumping facilities. (Hearing of October 10, 2001, Transcript, p. 78). This limitation is presumably why the Board did not address the jumping pits in the second half of its decision concerning building permits, and the appellant should not be allowed to renew the argument now on appeal. However, even if the issue had been preserved, the court agrees with the legal interpretation of the city attorney that the pits do not constitute "structures" under the Waterville Building Permit Ordinance and no building permits would have been required.

For the reasons stated above, the entry will be:

Appeal DENIED. Decision of the Zoning Board of Appeals is AFFIRMED.

Dated: June___11___, 2004

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed ___11/21/01___ ___Kennebec___ Docket No. ___AP01-82___
County

Action ___Petition for Review___
80B

J. STUDSTRUP

___Lester Jolovitz___ VS. ___City of Waterville & Waterville School___
Board

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael J. Levey, Esq.<br>161 Main St., Suite 1A<br>P.O. Box 7<br>Winthrop, Maine 04364<br>- Peter B. Bickerman, Esq.<br>45 Memorial Circle<br>P.O. Box 5307<br>Augusta,Maine 04332-5307 | William Lee, Esq.<br>112 Silver Street<br>P.O. Box 559<br>Waterville, Maine 04903 |

| Date of Entry | |
|---|---|
| 11/21/01 | Complaint: Rule 80B Review of Governmental Action; Action for Independent Relief, filed. s/Levey, Esq.<br>Original Summons with return service made upon City of Waterville; Zoning Board of Appeals; School Departament. |
| 11/27/01 | Notice of briefing schedule mailed to attys of record. |
| 12/4/01 | Motion for Specification of Future Course of Proceedings (MRCP 80B(i)), filed. s/Levey, Esq. |
| 12/10/01 | Acceptance of Service, filed. s/Lee, Esq. |
| 12/13/01 | Answer, filed. s/Lee, Esq. |
| 12/20/01 | Plaintiff's Motion for a Trial on the Facts, filed. s/Levy, Esq.<br>Proposed Order, filed. |
| 12/31/01 | Response to Plaintiff's Motion for Trial on the Facts, filed. s/Lee, Esq. |
| 4/24/02 | Letter from attorney Lee requesting that the motion to determine future course of proceedings be dealt with on 5/7/02 along with the other motion. |
| 5/2/02 | Entry of Appearance, filed. s/Bickerman, Esq.<br>Certificate of Service, filed. s/Bickerman, Esq. |
| 5/8/02 | Agreement put on record on 5/7/02 with Justice Studstrup, Presiding; Michael Levey, Esq. for Plaintiff and William Lee, Esq. for Defendants. Electronic Recording Tape 605 Index 4279-4653. Proposed stipulations and agreements to be prepared and filed by Michael Levey, Esq. |
| 8/7/02 | Notification of Discovery Service, filed. s/Lee, III,.Esq.<br>Notice to Take Oral Deposition of Lester Jolovitz served on J. Michael J. Levey, Esq. and Peter B. Bickerman, Esq. on 7/6/02. |
| 10/4/02 | Notification of Discovery Service, filed. s/Lee, III, Esq. (filed 10/3/02)<br>Interrogatories Propounded by Defendants to Plaintiff Request for Productio of Documents Propounded by Defendants to Plaintiff served on Michael J. Levey, Esq. on 10/1/02 |